a

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **CARLOS EDUARDO MAESTRE BORGES #A241-378-276,** Petitioner | **CIVIL DOCKET NO. 1:24-CV-00398 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **WARDEN,** Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Carlos Eduardo Maestre Borges ("Borges"). ECF No. 1. Borges is a detainee at the Immigrations and Customs Enforcement ("ICE") Processing Center in Jena, Louisiana. He challenges his continued detention.

Because Borges has failed to comply with the Court's Order to amend and has failed to update his address with the Clerk of Court, his Petition (ECF No. 1) should be DISMISSED WITHOUT PREJDUCIE.

## I. Background

Borges is a native and citizen of Venezuela. He alleges that he was ordered removed on August 23, 2023. ECF No. 1 at 2. Borges asserts that he has been detained for over six months, and his removal is unlikely to occur in the reasonably foreseeable future because Venezuela is not accepting deportees. Therefore, Borges

maintains that his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Borges was ordered to amend the Petition to state establish whether his order of removal is final.  ECF No. 3.  The Order was returned to the Clerk of Court as undeliverable.

## II.   Law and Analysis

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with any order.  Fed. R. Civ. P. 41(b).  A court possesses the inherent authority to dismiss the action *sua sponte*, without a motion by a defendant.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.

Borges has failed to comply with the Court's Order to amend his Petition.  Moreover, Borges has not provided the Court with an updated address.  Local Rule 41.3 provides that the failure of a pro se litigant to promptly notify the Court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address, and no correction is made to the address for a period of 30 days.  More than 30 days have passed since the Order (ECF No. 3) was returned, and Borges has failed to update his address.

## III.   Conclusion

Because Borges has failed to comply with the Order to amend and failed to keep the Court apprised of his address, IT IS RECOMMENDED that the Petition

(ECF No. 1) be DISMISSED WITHOUT PREJUDICE under Fed R. Civ. P. Rule 41 and Local Rule 41.3.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, May 17, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE